**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| | * | **Case No. 13-po-11031** |
| **v.** | * | |
| | * | |
| | * | |
| **DENNIS C. ECHOLS,** | * | |
| | * | |
| | * | |
| **Defendant** | * | |
| | ************ | |

**MEMORANDUM OPINION AND ORDER OF COURT**

This matter is before the Court on Defendant's letter motion to seal or to expunge the record of his criminal conviction for disorderly conduct by creating a hazardous or physically offensive condition, in violation of 36 C.F.R. § 2.34(a)(4). He seeks expungement or sealing of the record of his criminal conviction because he is "anxious to have his record expunged to engage in other endeavors without the possibility of embarrassment." No hearing is necessary. L.R. 105.6.

Regarding Defendant's request to seal, "[t]he Supreme Court has recognized that the press and the public have a common law qualified right of access to judicial records." *United States v. Ware*, No. 5:97CR47-02, 2015 WL 2137133, at *2 (N.D.W. Va. May 7, 2015) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-99 (1978)), *aff'd mem. per curiam*, 627 F. App'x 261 (4th Cir. 2016). "However, a judicial officer's decision to seal, or to grant access to judicial records, is discretionary." *Id.* (citing *Balt. Sun Co. v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989)). "The interest to be protected by closing trial proceedings must 'be articulated along with findings specific enough that a reviewing court can determine whether the closure order was

properly entered.'"  *Id.* (quoting same).  "The Fourth Circuit has applied these principles to requests to seal judicial documents." *Id.* (citing same).

"The Fourth Circuit has recognized that 'a compelling governmental interest exists in protecting the integrity of an ongoing law enforcement investigation.'" *Id.* (quoting *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 579 (4th Cir. 2004)).  "However, even when given that compelling interest to consider, the Fourth Circuit has denied motions to seal judicial documents." *Id.* (citing *Va. Dep't of State Police*, 386 F.3d at 579; *Balt. Sun,* 886 F.2d at 65). "Additionally, the Fourth Circuit has denied a request to seal where the interest of the moving party was the confidentiality of medical review proceedings and the underlying medical records." *Id.* (citing *Stone v. Univ. of Md. Med. Sys. Corp.*, 948 F.2d 128, 131 (4th Cir. 1991)). "Of course, this Court and other courts do, from time to time, seal court documents or portions thereof, when private personal identifiers, such as social security numbers, are found to be included; but that is not the situation here." *Id.*

> This Court cannot find that the defendant's interest[s] are as compelling as the interests cited above, which were themselves not enough to overcome the presumption that judicial records and documents should not be sealed.  The defendant's interests are based on possible employment decisions and other equitable interests that are insufficient to support a finding that the defendant's request should be granted.  As such, this Court finds that the defendant's criminal record should not be sealed.

*Id.*  Defendant's motion to seal thus is **DENIED**.

As for Defendant's alternative request for expungement, because there is no applicable statute providing for expungement in a case such as this one, the only available jurisdictional basis is the doctrine of ancillary jurisdiction.  *United States v. McKnight*, 33 F. Supp. 3d 577, 580 (D. Md. 2014).

> [F]ederal courts generally may invoke the doctrine of ancillary jurisdiction in two circumstances: (1) where necessary to permit disposition by a single court of

claims that are factually interdependent; and (2) "to enable a court to function successfully, that is, to manage its proceeding, vindicate its authority, and effectuate its decrees."

*Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994)).

Here, the adjudicative facts underlying Defendant's conviction are not interdependent with any equitable circumstances that he may claim justify expungement. *See Doe v. United States*, 833 F.3d 192, 198-99 (2d Cir. 2016), *petition for cert. filed*, __ U.S.L.W. __ (U.S. Jan. 9, 2017) (No. 16-876); *United States v. Harris*, 847 F. Supp. 2d 828, 834 (D. Md. 2012). Further, expungement of Defendant's criminal conviction runs contrary to a federal court's ability to vindicate its authority and effectuate its decrees. *See Doe*, 833 F.3d at 198; *Harris*, 847 F. Supp. 2d at 834-35; *United States v. Mitchell*, 683 F. Supp. 2d 427, 432-33 (E.D. Va. 2010). Because the Court thus lacks ancillary jurisdiction, Defendant's motion to expunge his criminal conviction is **DISMISSED** for lack of jurisdiction.

Date: March 2, 2017                                  /s/
                                             Thomas M. DiGirolamo
                                             United States Magistrate Judge